UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA,              :
                                       :    23-cr-262 (DLC)
            -v-                        :
                                       :    MEMORANDUM
Kevin Chiu,                            :    OPINION AND
                        Defendant.     :    ORDER
                                       :
-------------------------------------- X

DENISE COTE, District Judge:

On September 16, 2024, defendant Kevin Chiu moved for a
reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and
Amendment 821 to the Sentencing Guidelines. The defendant is
not eligible for a reduction in his sentence and the motion is
denied.

**Background**

On December 4, 2023, Chiu pleaded guilty to one count of
bank fraud in violation of 18 U.S.C. § 1344 and pursuant to a
plea agreement with the Government. In the agreement, the
parties stipulated to a Sentencing Guidelines range of 63 to 78
months' imprisonment based on an offense level of 26 and a
criminal history category of I.

While employed as a business relationship manager and
private client banker, Chiu stole approximately $2.4 million
from at least six client accounts over the course of nearly two
years. He used the funds to buy and trade securities, pay
personal expenses, and cover up some of his theft by replacing

funds he stole from some victims' accounts with funds he stole from other victims' accounts.  Two of his victims were at least 74 years old, one of whom used a wheelchair and relied on the defendant to manage her finances.

The Presentence Report calculated the defendant's Sentencing Guidelines range as 63 to 78 months' imprisonment, based on an offense level of 26 and a criminal history category of I.  The offense level included a two-level increase pursuant to § 3A1.1(b)(1) because the offense involved vulnerable victims.  The Probation Department recommended a sentence of 63 months, and the defendant sought a substantial variance of 24 months.  The Government requested a sentence of at least 48 months' imprisonment.  On March 14, 2024, the defendant was sentenced principally to a term of 48 months' imprisonment.

On September 16, 2024, the defendant filed a <u>pro se</u> motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The Amendment went into effect on November 1, 2023 and applies retroactively.  On October 7, the Probation Department issued a report indicating that Chiu is ineligible for a sentence reduction.  Chiu is scheduled to be released from custody on August 12, 2027.

### <u>Discussion</u>

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a

defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A

reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."  United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782).  In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437.  If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence.  Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions.  One such exclusion is for a defendant who received an adjustment under § 3A1.1 (Hate Crime Motivation or

Vulnerable Victim).  U.S.S.G. § 4C1.1(a)(9).  Another such exclusion applies if the defendant personally caused substantial financial hardship.  U.S.S.G. § 4C1.1(a)(6).  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission noted as well that the exclusionary criteria identified by the Commission were also informed "by extensive data analyses and public comment."  Id.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the

sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Chiu had no criminal history points but he is not eligible for a sentence reduction pursuant to Amendment 821 for several independent reasons.  Chiu was sentenced to 48 months' imprisonment, which is below the bottom of the amended Guidelines range.  If Amendment 821 reduced his offense level by two levels, it would be lowered from 26 to 24, and his Guidelines range would be lowered from the original range of 63 to 78 months to a range of 51 to 63 months.  Moreover, Chiu is not eligible for a reduced sentence pursuant to Amendment 821 because he received a sentencing enhancement for vulnerable victims and he personally caused substantial financial hardship.

## Conclusion

Chiu's September 16, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:    New York, New York
          October 9, 2024

                                    _____
                                    DENISE COTE
                          United States District Judge